Hartman, et al. *v.* Commonwealth.

Argued September 8, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Allen H. Krause,* for appellants.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Stuart A. Liner,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION PER CURIAM, October 20, 1972:

Does the Commonwealth Court or the appropriate court of common pleas have jurisdiction to hear appeals from suspension of official inspection station certificates of appointment issued by the Department of Transportation?

Prior to the enactment of the Appellate Court Jurisdiction Act of 1970[1] (ACJA), jurisdiction to hear appeals from suspension of such certificates was exclusively controlled by the provisions of Section 819 of The Vehicle Code, as amended.[2] It then provided in subsection (b) in pertinent part as follows: ". . . Any person whose certificate of appointment is suspended under the provisions of this subsection may, within forty-five (45) days from the date thereof, appeal to the court of common pleas of the county wherein such official inspection station is located, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for hearing upon forty-five (45) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is subject to suspension of his certificate of appointment under the provisions of this act. Any party aggrieved by a decision of a court of common pleas shall have the right of appeal to the Superior Court."

Upon enactment of the ACJA, clarity gave way to uncertainty. Section 403 of that act, which deals with direct appeals from administrative agencies, gives this

---

[1] Act of July 31, 1970, P. L. 673, 17 P.S. §211.101 et seq.

[2] Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §819.

Court exclusive jurisdiction from their final orders as follows:

"(1) All appeals from administrative agencies of the Commonwealth under the Administrative Agency Law or otherwise and including appeals from the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any department, departmental administrative board or commission, independent board or commission or other agency or administrative officer of this Commonwealth having statewide jurisdiction except:

"(i) matters relating to the privilege of operating motor vehicles or tractors, including the revocation or suspension of such privilege and matters relating thereto; . . ."

In the so-called housekeeping provisions of the ACJA (Sections 508 and 509) as originally enacted, no reference to Section 819 of The Vehicle Code is found. However, in the Act of June 3, 1971, P. L.     (Act No. 6), amending the ACJA, we find two specific references to Section 819. A new clause (162) is added to subsection (a) of Section 509 of the ACJA which repeals absolutely the "last sentence of subsection (b) of section 819" of The Vehicle Code.

The second reference appears as a new subsection and clause to the same section (Section 509) of the ACJA, which reads as follows:

"(g) The following acts and parts of acts are hereby specifically repealed in so far as they vest jurisdiction and powers in courts in any manner inconsistent with this act, provide a time for appeal to an appellate court which is other than the time expressly provided in section 502 of this act, provide appeal procedures inconsistent with this act, or are otherwise in any manner inconsistent with this act:

. . .

"(54)    Subsection (b) of section 819, act of April 29, 1959 (P. L. 58), known as 'The Vehicle Code.'"

If the only intent of the Legislature was to resolve any doubt as to jurisdiction as between the Commonwealth Court and the Superior Court, such an objective was accomplished by the first mentioned amendment. What purpose then is this last mentioned amendment intended to serve?

The Commonwealth asserts that this class of appeals are in the nature of "matters relating to the privilege of operating motor vehicles. . .," thus specifically excluded from this Court's jurisdiction in direct appeals from administrative agencies under Section 403(1)(i) of the ACJA. It necessarily follows, it argues, that some court must have jurisdiction to hear such appeals and therefore jurisdiction remains in courts of common pleas as Section 509 (g)(54) is merely an inconsistent repealer and not an absolute repealer.

The appellants simply argue that this class of appeals are not ones relating to the privilege of operating motor vehicles and hence not within the exclusion and our exclusive jurisdiction is clearly within the language of Section 403(1) of the ACJA.

Considering all of these provisions and this legislative history, is the issue merely one of ascertaining the meaning of the exclusionary language of Section 403 (1)(i), ACJA, i.e., is this one of a class of appeals which are "matters relating to the privilege of operating motor vehicles"; or must some specific effect be attributed to the 1971 amendment to Section 509(g)(54) in resolution of the issue (a) either as influencing the meaning of "matters relating to the privilege of operating motor vehicles", or (b) as narrowing its meaning if construed, as originally enacted, to include this class of appeals.

At argument, reference was made to the fact that if this Court has jurisdiction, it is additionally burdened with de novo hearing responsibility incident to such an appeal—a reference calculated to persuade us to a contrary conclusion because of our present and ever increasing case load of cases involving evidentiary hearings. We find this suggestion both unpersuasive and of no help in ascertaining legislative intent. Since our inception and the enactment of the ACJA, a number of statutes have been enacted or amendments made to existing law substantially increasing our evidentiary hearing responsibility incident to "appeals." *See, e.g.,* Sec. 901 Local Government Unit Debt Act of June 12, 1972, P. L. (Act No. 185) ; Section 1132, Public School Code of 1949, as amended by Section 509(g)(47), Act of June 3, 1971, P. L. (Act No. 6), which clearly produced such a result in hearing appeals of professional employees from decisions of the Superintendent of Public Instruction heretofore heard by courts of common pleas.

Nor can we construe this class of appeals to be "matters relating to the privilege of operating motor vehicles" with or without regard to the 1971 amendments to the ACJA. Any relationship between the operation of a motor vehicle and a certificate of authority to inspect a motor vehicle is far too remote and any association between the two is far too distant to find that the Legislature intended to include this class of appeals in the exclusion referred to.

And if further reason is needed for concluding that the Legislature intended this Court to have jurisdiction in this class of appeals, it can be found in the 1971 amendments to the ACJA, which we believe demonstrated an ongoing intent of the Legislature to centralize all state administrative agency appeals in the Commonwealth Court unless a contrary intent is clear-

ly demonstrated. If such an intent cannot be subscribed to the 1971 amendments to the ACJA, then the second mentioned amendment would appear to be meaningless.

Having raised on our own motion the issue of the jurisdiction of this Court over the subject matter of the above appeal involving a statute which directs such appeals to be heard de novo, we enter the following

### ORDER

Now, October 20, 1972, for the foregoing reasons we conclude that the Commonwealth Court has exclusive jurisdiction in appeals provided for by Section 819 of The Vehicle Code, as amended, and hence has jurisdiction in this appeal.

The appeal will be set down for evidentiary hearing upon the praecipe of either party.