Ammon G. Hostetter, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued June 4, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Keith L. Kilgore,* with him *Andrew L. Silberman,*
and *Spitler, Rowe & Kilgore,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *Is-
rael Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 19,
1973:

This is an appeal from a decision by the Secretary
of Transportation which suspended Appellant's certifi-
cate of appointment to inspect motor vehicles.

## I.

The procedural morass involved calls for a burdensome recitation of the following factual posture. Based on the information garnered in a series of examinations of the Appellant's inspection station, Trooper Glen Cousins of the Pennsylvania State Police concluded that the Appellant was conducting his business in violation of two Regulations published by the Secretary of Transportation relating to the upkeep of inspection stations.[1] These Regulations require the holder of an inspection certificate "to have available at all times in his official inspection station, tools and equipment in good working order, as prescribed in the Official Inspection Station Rules and Regulations"[2] and "[t]o maintain a clean and orderly place of business."[3]

Notice was sent to Appellant dated May 7, 1971 informing him that a hearing would be held on May 24, 1971. He never responded and an ex parte hearing was held on May 24, 1971 at which time the hearing examiner determined that a one year suspension was in order.

On June 9, 1971, Appellant was informed that his privilege to inspect motor vehicles was suspended because he violated Section 819(b) of The Vehicle Code. After Appellant complained that he had never received the May 7, 1971 notice, the suspension was rescinded and another departmental hearing was scheduled for June 30, 1971.

At the June 30, 1971 hearing, Trooper Cousins related the substance of his investigation of Appellant's

---

[1] These Regulations were promulgated pursuant to the authority granted by the Legislature to the Secretary of Transportation under Section 819 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §819(b).

[2] Regulation III A. 1. e.

[3] Regulation III A. 1. f.

station, and the hearing examiner once again concluded that Appellant had not complied with the Regulations which required the maintenance of a clean garage and the possession of required tools in proper working condition to make a valid vehicle inspection. Accordingly, a one year suspension was imposed effective July 16, 1971.

On July 20, 1971, Appellant appealed this decision to the Court of Common Pleas of Lebanon County. On July 21, 1971, that Court granted his Petition of Appeal and issued an Order of Supersedeas, effectively restoring his privilege to inspect motor vehicles. The Honorable G. THOMAS GATES, President Judge of the Court of Common Pleas of Lebanon County, presided at the hearing thereon and he held that Appellant was in violation of the Regulations and that the suspension should be reinstated.

The aforesaid suspension was then reinstated effective November 15, 1971. Appellant was, for the first time, advised that a second one year suspension was also being imposed to be effective November 15, 1971.

On November 19, 1971, a Petition for a Rehearing and Supersedeas was filed in the Court of Common Pleas of Lebanon County contending that the second suspension imposed was improper. That court allowed the rehearing and issued an Order of Supersedeas.

A rehearing was held on December 27, 1971. Trooper Cousins was back again to testify relative to various departmental hearings previously held.

By Order of Court dated March 2, 1972, the lower court transferred the entire record to this Court. By Order of this Court dated March 10, 1972, the case was sent back to the lower court and allowed that it would recognize an appeal nunc pro tunc pursuant to Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, as amended, 17 P.S.

§211.403 if the lower court would dismiss the case for want of jurisdiction.[4]

On March 13, 1972, the lower court complied with the Order of this Court, and on March 29, 1972, Appellant filed his appeal nunc pro tunc here.[5]

## II.

Appellant, now properly before this Court, contends (1) that Regulation III A. 1. f. requiring an inspection station owner to ". . . maintain a clean and orderly place of business" is unconstitutional because it bears no reasonable relationship to the subject matter controlled, and (2) that the second suspension imposed is without legal foundation.

Counsel for the Commonwealth in oral argument and in his brief concedes to the merit of Appellant's second contention, hence we dispose of that issue by agreement.

From our examination of the various instant departmental hearings, it is at last apparent that Appellant was charged with violating Regulation III A. 1. e. which requires an inspection station operator to maintain all necessary tools in proper working condition, as well as Regulation III A. 1. f. which Appellant contends is unconstitutional.[6]   Trooper Cousins' testimony indicates

---

[4] The Commonwealth Court has exclusive jurisdiction to hear appeals from suspensions of official inspection station certificates of appointment issued pursuant to the provisions of The Vehicle Code. *Hartman, et al. v. Commonwealth*, 6 Pa. Commonwealth Ct. 409, 295 A. 2d 850 (1972). The procedure outlined here, allowing an appeal nunc pro tunc, was temporarily adopted by this Court in order to assure fairness to all those who had filed appeals in common pleas courts before our decision in *Hartman v. Commonwealth*, 6 Pa. Commonwealth Ct. 409, 295 A. 2d 850 (1972) was handed down. This procedure has since been terminated.

[5] Counsel for the parties involved have stipulated that the record made before the Court of Common Pleas of Lebanon County shall be the record of this Court.

[6] Appellant, when improperly before the Court of Common Pleas of Lebanon County, also challenged the constitutionality of Regula-

that Appellant did not have in his possession a functioning disc brake runout gate, a required tool needed to properly inspect a motor vehicle. This is a violation of Regulation III A. 1. e. and is all that is necessary to sustain the one year suspension imposed by the Secretary pursuant to Section 819(b) of The Vehicle Code.

It is well established that a court should not consider constitutional questions unless it is absolutely necessary to dispose of the case. *Shuman v. Bernie's Drug Concessions*, 409 Pa. 539, 187 A. 2d 660 (1963); *Altieri v. Allentown Officers' and Employees' Retirement Board*, 368 Pa. 176, 81 A. 2d 884 (1951); *Allegheny County, Southern District, Tax Assessment Appeals*, 7 Pa. Commonwealth Ct. 291, 298 A. 2d 643 (1972). Since the suspension of the Appellant is proper under Regulation III A. 1. e., *supra,* we find it is unnecessary to consider Appellant's contention that Regulation III A. 1. f. is unconstitutional.

### ORDER

AND Now, this 19th day of September, 1973, the Order of the Secretary of Transportation dated July 7, 1971 suspending for one year Appellant's certificate of appointment to inspect motor vehicles is hereby affirmed.

Judge BLATT concurs in the result only.

---

tion III A. 1. e. This argument, however, has not been carried to this Court.