Charles Riebe Construction Company, Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued January 7, 1975, before President Judge
BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS
and BLATT. Judges KRAMER and WILKINSON, JR. did not
participate.

*Philip S. Davis*, with him *Richard W. Davis*, and
*Davis, Katz, Buzgon & Davis*, for appellant.

*Paul S. Roeder*, Assistant Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, March 5,
1975:

Charles Riebe Construction Company (appellant) appeals from a decision of the Board of Finance and Revenue, which sustained a decision of the Sales Tax Board of Review in denying appellant's petition for review of a use tax assessment against appellant for the period of January 1, 1969-September 30, 1972. The instant appeal, having been taken pursuant to section 1104 of The Fiscal

Code,[1] is heard de novo by this Court. However, the facts of this case are not in dispute as evidenced by a stipulation of facts entered into by the parties and filed with this Court. We adopt this stipulation as our findings of fact which, as material to the issue involved, are related in narrative form.

Appellant is a construction contractor who entered into a contract with the Pennsylvania Department of Highways for the construction of a highway in Carbon County. Incident to fulfilling this contract, it became necessary for appellant to obtain crushed rock as subbase material. Accordingly, appellant entered into a contract with Susquehanna Quarries (Susquehanna) in December of 1969 for the purpose of producing such crushed rock. Pursuant to the contract, Susquehanna provided a portable rock crusher at appellant's construction site, to which appellant brought his rock for crushing. At all times pertinent hereto, the rock remained titled in appellant and Susquehanna did not lease or sell any material to appellant. Susquehanna's sole duty under the contract was to crush appellant's rock to comport with Department of Highway's specifications. All work performed under this contract between appellant and Susquehanna occurred between March 30, 1970 and July 20, 1970.

Following an audit of appellant in 1972, it was notified on December 15, 1972, of an assessment of a use tax deficiency in the amount of $8,194.19 plus interest and penalties for the period of January 1, 1969-September 30, 1972.

Included within this assessment is an amount of $4,380.98, which was attributed to the services performed by Susquehanna incident to the aforementioned contract, and it is only this portion of the use assessment

---

1. Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1104 (Supp. 1974-1975).

here in issue. Appellant disputes the propriety of the conclusion of the Bureau of Taxes for Education that this transaction was taxable, and following adverse decisions by the hearing examiner for the Sales Tax Board of Review and the Board of Finance and Revenue, the instant appeal was taken to this Court.

The contract between Susquehanna and appellant was wholly completed prior to the enactment of the Tax Reform Code of 1971,[2] and thus the provisions of the Tax Act of 1963 for Education[3] (Act) are applicable to the instant case.

Several issues are raised by appellant in this appeal, but all revolve about a statutory interpretation of section 2(j)(4) of the Act, 72 P. S. §3403-2(j)(4). The Act imposes a use tax on services purchased at retail.[4] The phrase "purchase at retail" is defined in section 2(e) of the Act, 72 P. S. §3403-2(e), with reference to the definition of "sale at retail" as defined in section 2(j) of the Act, 72 P. S. §3403-2(j).

The interpretation of subparagraph (4) of section 2(j) is in issue and provides in pertinent part:

"(4) the rendition for a consideration of the service of repairing, *altering* . . . tangible personal property . . . except such services as are rendered in the construction . . . of real estate. . . ." (Emphasis supplied.)

Appellant does not contend that the rock supplied to Susquehanna for crushing was other than tangible personal property, rather appellant contends that the crushing of rock into crushed stone is not an altering of tangible personal property because such rock is not altered but simply changed into something else, i.e., crushed stone.

---

2. Act of March 4, 1971, P.L. —, No. 2, 72 P.S. § 7201 et seq.

3. Act of May 29, 1963, P.L. 49, 72 P.S. §3403-1 et seq.

4. Section 201(b) of the Act, 72 P.S. §3403-201(b).

Webster defines "altering" as "to make different without changing into something else." Webster also defines "rock" as "a concreted mass of stony material; also: broken pieces of such masses." "Stone" is defined as "a concretion of earthy or mineral matter: a ... (2): rock." The interchangeability of these two words is further attested to by Roget's International Thesaurus, Third Edition, wherein one of the synonyms for the word "rock" is "stone" and vice versa. We can only conclude, therefore, that the crushing of rock into smaller rock or stone falls within the definition of altering in that the larger rock is not changed into something different, but rather remains rock, albeit smaller rock and hence altered.

Appellant secondly contends that it is entitled to the exemption contained in section 2(j)(4) of the Act for services rendered in the construction of real estate. This exemption appellant asserts is predicated upon Susquehanna's status as a subcontractor to appellant, thus entitling the services rendered by Susquehanna to be construed as services rendered in the construction of real estate. The Commonwealth contests this characterization of Susquehanna's status.

It is unnecessary for us to resolve this issue for assuming arguendo the accuracy of appellant's assertion as regards Susquehanna, appellant cannot prevail in view of Regulation No. 207(2) of the Department of Revenue, which provides in pertinent part as follows:

"2. The sale to or use of tangible personal property by construction contractors in the construction . . . of any real estate including . . . roads . . . for or on behalf of the Commonwealth . . . is subject to tax."

This regulation is clear and it is axiomatic that a properly promulgated regulation has the force and effect of law. No attack against this regulation has been launched by appellant, and accordingly, it is dispositive of this issue.

We, therefore, make the following

CONCLUSIONS OF LAW

1. At the time in question, section 201(b) of the Tax Act of 1963 for Education, 72 P. S. §3403-201(b), imposed a tax of five (5) percent on each separate purchase at retail as defined in the Act.

2. Pursuant to the definition of purchase at retail as contained in section 2(e) with reference to section 2(j)(4) of the Tax Act of 1963 for Education, 72 P. S. §3403-2(e), §3403-2(j)(4), the rock crushing service performed by Susquehanna Quarries under contract to Charles Riebe Construction Company constitutes a purchase at retail.

3. The Commonwealth correctly assessed a use tax against Charles Riebe Construction Company in the amount of $4,380.98 for the period January 1, 1969-September 30, 1972.

ORDER

The appeal of Charles Riebe Construction Company from the decision of the Board of Finance and Revenue in refusing its petition for review and sustaining the use tax assessment in question, is hereby denied. The Chief Clerk is herby directed to enter judgment in favor of the Commonwealth and against Charles Riebe Construction Company in the amount of $8,194.19, and he is further directed to mark as satisfied the amount of $3,813.21, being the amount of said assessment not in controversy and having been paid; leaving an unpaid balance in the amount of $4,380.98, together with interest allowed by law, due and owing, unless exceptions are filed hereto within thirty (30) days.