Commonwealth, Appellant, *v.* Patterson.

132

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen E. Ertel,* District Attorney, for Commonwealth, appellant.

*Allan W. Lugg,* and *Lugg & Snowiss,* for appellee.

OPINION BY CERCONE, J., September 22, 1975:

This is an appeal brought by the Commonwealth from an order which granted two requests set forth in defendant's pre-trial application.[1]

The first issue to be considered concerns the lower court's dismissal of Count 6 of an indictment against defendant because the charge was brought beyond the statute of limitations. Defendant was charged with Section 323[2] of the 1939 Penal Code, i.e., false entries, destroying and abstracting public records. At the time the defendant was charged, the Penal Code's statute of limitations for this offense was two years and could be tolled only by the return of an indictment.[3] Because the alleged offense took place on, or prior to, October 2, 1972, and the indictment was not returned until November 13, 1974, it is clear that the Commonwealth failed to toll the statute within two years. However, on June 6, 1973, the new Pennsylvania Crimes Code[4] became effective.

---

1. The first matter, concerning the dismissal of Count 6, is appealable in that such dismissal terminates the prosecution of the defendant under that count. The second matter, concerning suppression of testimony, is appealable in that such suppression will substantially impair the prosecution in the presentation of its case. See *Commonwealth v. Gullett,* 459 Pa. 431, 329 A.2d 513, 515 (1974).

2. Act of June 24, 1939, P.L. 872, §323, 18 P.S. §4323.

3. Act of March 31, 1860, P.L. 427, §77; amended by Act of April 6, 1939, P.L. 17, §1, 19 P.S. §211.

4. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §101 et seq.

That Code contains its own statute of limitations, Section 108,[5] which if applicable, would make a significant difference as to the outcome of this issue. While the Crimes Code statute of limitations is also two years in length it differs from the Penal Code statute of limitations in that it can be tolled by the issuance of a warrant or summons as well as by indictment. Section 108(e) states as follows: "A prosecution is commenced either when an indictment is found or when a warrant or summons is issued, if such warrant or summons is executed without reasonable delay." If the Crimes Code statute of limitations were applicable to the instant case, the indictment would not be dismissed because a summons was issued on September 28, 1974, within 2 years of the alleged crime. Therefore, the determinative question is whether defendant's violation, under the 1939 Penal Code, should be governed by that Code's statute of limitations or, as the Commonwealth contends, by the statute of limitations under the new Crimes Code. The Commonwealth argues generally that where a change in the statute of limitations occurs prior to the date that a prosecution is barred, the new statute of limitations applies; and, if a prosecution is commenced in accordance with the new statute, it will not be dismissed. In support of this argument the Commonwealth relies on the case of *Commonwealth v. Duffy,* 96 Pa. 506, 514 (1880). However, the particular statute herein, Section 108 of the new Crimes Code, contains specific language which negates the Commonwealth's contention. Section 108(b)(2) states "A prosecution . . . *under this code* must be commenced within two years after it is committed." (Emphasis added.) From this language it is clear that this statute of limitations was meant to apply only to violations under the Crimes Code itself. This is not a situation where the statute of limi-

---

5. Act of December 6, 1972, P.L. 1482, §1; amended by Act of March 26, 1975, P.L. 93, No. 46, §1, 18 Pa.C.S. §108.

tations of an existing code is amended. An entirely new Crimes Code has been adopted which contains its own statute of limitations which is to be applied only to the crimes arising thereunder. The crime with which the defendant is charged simply does not fall under the new Crimes Code. Here, the defendant is being charged with an offense under the Penal Code, and as such must be governed by the statute of limitations contained therein. Therefore, the lower court correctly dismissed Count 6 of the indictment on the ground that the statute of limitations had run.

Before discussion of the second issue raised by the Commonwealth, a brief presentation of background facts is necessary. In September of 1973, Mr. Patterson, the defendant herein, was called to testify before an indicting Grand Jury involving another individual. Present at this Grand Jury was District Attorney, Allen Ertel, who presented the bills of indictment, and Assistant District Attorney, Gregory Smith. Mr. Smith did not participate in the Grand Jury presentment of the Commonwealth's case, but he did take notes. A year later, at defendant's preliminary hearing held on October 3, 1974, Assistant District Attorney Smith testified as to details of defendant's testimony given at the 1973 Grand Jury. Mr. Smith's testimony, according to the lower court's opinion, "was based both on his own recollection and on his notes." Defendant successfully contended in his pre-trial application that the testimony of Mr. Smith should be suppressed in light of Rules 208 and 209 of the Pennsylvania Rules of Criminal Procedure. The relevant portion of Rule 209 is as follows: "The attorney for the Commonwealth, the witness under examination, and an interpreter when needed, may be present while the grand jury is in session. . . ." Rule 208 states: "The transcription or reproduction by any person of the testimony of witnesses given before the grand jury is prohibited." Defendant claims that Rule 209 was violated by the

presence at the Grand Jury of both the District Attorney and the Assistant District Attorney during the prosecutor's presentment of that case; that Rule 208 was violated by the Assistant District Attorney's note taking. Because of these improprieties the defendant claims that Mr. Smith's testimony should be suppressed.

Whether the presence of two persons from the District Attorney's office at the presentment to the Grand Jury violated Rule 209, and whether Mr. Smith's note taking can be considered "transcription or reproduction"[6] of testimony and therefore violative of Rule 208, are questions which cannot be disposed of at this time because of the holding of our Supreme Court in *Commonwealth v. Murphy*, 459 Pa. 297, 328 A.2d 842 (1974). In *Murphy*, the Supreme Court, in a four to three decision, held that "Rule 323 [Pennsylvania Rules of Criminal Procedure] limits pre-trial suppression orders to the suppression of evidence obtained in violation of constitutional rights." Objections as to evidence not based upon constitutional violations must await determination during the course of the trial itself. Since the evidence in question was not obtained in violation of appellant's constitutional rights,[7] we have no alternative but to hold that this pre-trial suppression of evidence was improper.

Accordingly, the portion of the lower court order dismissing Count 6 is affirmed and the portion suppressing the testimony of Assistant District Attorney Smith is vacated.

---

6. See Pa. R. Crim. P., Rule 208.

7. Assuming a constitutional ground for the suppression of the evidence in question exists, it was not argued by appellant. He bases his argument entirely on the alleged violations of Rules 208 and 209.