380 A.2d 868

**COMMONWEALTH of Pennsylvania**

v.

**Otto Paul BENDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

John J. Thomas, Assistant Public Defender, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

456

PRICE, Judge:

Appellant, the owner of a business in Wilkes-Barre, was convicted of wilfully failing or refusing to remit sales tax [1] which accrued during the first quarter of 1973.[2] We agree that the instant prosecution is barred by the statute of limitations. The judgment of sentence must, therefore, be reversed.

The first question raised is whether jurisdiction over the instant appeal is properly vested in this court. Under the Appellate Court Jurisdiction Act,[3] the Superior Court has exclusive jurisdiction over all appeals from final orders of the courts of common pleas unless jurisdiction is specifically vested in the Supreme Court or the Commonwealth Court.[4] Section 402 provides in part that the Commonwealth Court "shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . (2) [a]ll criminal actions . . . for the violation of any rule, regulation or order of any administrative agency of the Commonwealth[.]"

The instant criminal action does not involve such a violation. The essential characteristic of a rule, regulation or order is that it is promulgated by an agency under statutory authority. See 1 Pa.Code § 1.4 (Regulation). Although the Department of Revenue is empowered to prescribe rules and regulations consistent with the statutory provisions, see section 270 [72 P.S. § 7270 (Supp. 1977–78)], it is clear that the instant prosecution arose out of a direct violation of the statutory provision rather than any rule,

1. Act of March 4, 1971, P.L. 41, No. 2, art. II, § 268(b) [72 P.S. § 7268(b) Supp. 1977–78)].

2. A second indictment charging similar acts between October and December of 1972 was dismissed based on the statute of limitations.

3. Act of July 31, 1970, P.L. 673, No. 223, § 101 [17 P.S. § 211.101 (Supp. 1977–78)] et seq.

4. 17 P.S. § 211.302 (Supp. 1977–78).

regulation or order of the department.[5] We conclude that the instant appeal is properly before this court and, therefore, must proceed to the merits of the case.

The indictment, approved May 13, 1975, charged that appellant, as owner of a business known as Boo Boo's, wilfully failed or refused to remit sales tax for the period between January and September of 1973. At trial, the lower court limited proof to the tax due during the first quarter of 1973 because the evidence established that appellant transferred ownership of the business on April 1, 1973. (NT 22). Under the terms of the statute, payment of the first quarter tax was due on or before April 30, 1973. The offense was therefore complete on May 1, 1973.

The Commonwealth contends, based on section 108(e) of the Crimes Code,[6] that the instant prosecution was commenced, and the statute of limitations was tolled, on April 1, 1975, the date that the warrant was issued. This contention is without merit.

■ The Crimes Code, which became effective on June 6, 1973, does not apply in this case. Section 2 of the Act of December 6, 1972, P.L. 1482, No. 334,[7] provides as follows:

**5.** An example of the Commonwealth Court's jurisdiction over criminal appeals is contained in section 1302 of the Public Utility Law. Act of May 28, 1937, P.L. 1053, art. XIII, § 1302, *as amended*, October 7, 1976, P.L. 1057, No. 215, § 26 [66 P.S. § 1492 (Supp. 1977–78)]. Under that section, it is a misdemeanor for any person or corporation to "knowingly fail, omit, neglect or refuse to obey . . . any regulation . . . *of the commission* . . . ." (Emphasis added). Thus the Commonwealth Court would have appellate jurisdiction over any criminal case concerning the violation of a tariff, rate or service regulation contained in title 52 of the Pennsylvania Code.

Section 268(b) of the Tax Reform Code of 1971, on the other hand, proscribes the wilful failure to file tax returns and to pay the required tax. Sections 217 and 222 of the Code, 72 P.S. §§ 7217 & 7222, establish the times for filing and payment. These provisions taken together, establish all the elements of the crime without reference to any rule or regulation.

**6.** 18 Pa.C.S. § 108(e).

**7.** This provision is found in the third volume of title 18 of the Pennsylvania Consolidated Statutes at page 127.

"Title 18 of the Consolidated Pennsylvania Statutes . . as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto." While serious disputes may arise in the future as to the applicability of section 108 to prosecutions similar to the one involved in the instant case,[8] it is clear that the instant case is not governed by the Crimes Code.

Under the Act of March 31, 1860, P.L. 427, § 77, *as amended*, April 6, 1939, P.L. 17, § 1 (19 P.S. § 211), "[a]ll indictments . . . for all misdemeanors, perjury excepted, shall be brought or exhibited within two years after such felony or misdemeanor shall have been committed . . ." Under normal circumstances, the instant indictment should have been returned by May 1, 1975. There is, however, an exception to the statute of limitations if the defendant has not been an inhabitant or resident of this state during the "respective terms for which he shall be subject and liable to prosecution. . . ." 19 P.S. § 211. In such a case an indictment "may be brought . . . at any period within

---

**8.** In *Commonwealth v. Patterson*, 236 Pa.Super. 131, 344 A.2d 710 (1975), we held that section 108 did not control a criminal prosecution under section 323 of The Penal Code, Act of June 24, 1939, P.L. 872, § 323 *repealed by* the Act of December 6, 1972, P.L. 1482, No. 334, § 5(a). En route to this decision, this court held that section 108(b)(2) demonstrates that the Crimes Code statute of limitations was meant to apply only to violations under the Crimes Code itself. Section 107(a), however, provides that "[t]he provisions of Part I . . . [, which includes section 108,] are applicable to offenses defined by this title *or by any other statute*." It is a fundamental principle of statutory construction that "[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict . . . is irreconcilable, the special provisions shall prevail . . . ." 1 Pa.C.S. § 1933. Although the result in *Patterson* was correct, we do not view that case as binding authority for the proposition that section 108(b)(2) irreconcilably conflicts with section 107(a).

a similar space of time during which [the defendant] shall be an inhabitant of, or usually resident within, this State . . . ." 19 P.S. § 211. *See also Commonwealth v. Dunnick*, 204 Pa.Super. 58, 202 A.2d 542 (1964).

■ The lower court found that the record supports a finding that appellant had no reasonably ascertainable place of abode or work within this Commonwealth from January of 1974 to April 1, 1975. Despite this finding it is necessary to reverse the lower court's decision based on *Commonwealth v. Craemer*, 236 Pa.Super. 168, 345 A.2d 212 (1974), and *Commonwealth v. Cody*, 191 Pa.Super. 354, 156 A.2d 620 (1959). Where the Commonwealth seeks to toll the statute of limitations by establishing one of the enumerated exceptions, it must allege the exception in the indictment. The purpose of this rule is "to apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution." *Commonwealth v. Cody, supra* 191 Pa.Super. at 358, 156 A.2d at 623. The indictment in the instant case contains no such assertion.

The judgment of sentence is reversed and appellant is discharged.

CERCONE, J., files a dissenting opinion.

CERCONE, Judge, dissenting:

Appellant was convicted of failing to remit sales taxes to the Pennsylvania Department of Revenue pursuant to Section 7268 of the Pennsylvania Tax Reform Code of 1971.[1] He was sentenced to a one-year probationary period and, thereafter, appealed to this court alleging that the prosecution below was barred by the Statute of Limitations.

I would not reach the merits of this appeal, however, as in my opinion, jurisdiction of this subject matter does not lie in this court, but is vested in the Commonwealth Court pursu-

[1]. Act of March 4, 1971, P.L. 6, No. 2 art. I, § 101 et seq., 72 P.S. § 7268(b) (Supp.1976).

ant to both the Tax Reform Code of 1971 and the Appellate Court Jurisdiction Act of 1970.[2]

Appellant cites Section 211.302 of the Appellate Court Jurisdiction Act as authority for jurisdiction of this appeal in the Superior Court. That section states:

"The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, *except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.*" (Emphasis added)

The exception contained in the above section is met by Section 211.402 which states: "The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . (2) *all criminal actions* or proceedings for the violation of any rule, regulation or order of any administrative agency of the Commonwealth." [Emphasis added.] Clearly, this criminal action originates from the violation of a rule, regulation, or order of an administrative agency in that appellant's failure to remit 1973 business sales taxes to the Department of Revenue in accordance with the provisions of the above cited statute[3] gave rise to the complaint filed against him by Charles E. Flannery, District Supervisor, Bureau of Sales and Use Tax, Pennsylvania Department of Revenue. It is also significant to me that Section 7268 (Crimes) of the Tax Reform Act of 1971 is identical to Section 3403–573 (Crimes) of the Tax Act of 1963 for Education,[4] from which it was derived. In reviewing this section, the Supreme Court of Pennsylvania recognized its essentially administrative origin stating explicitly, "The crimes created under § 573 are

2. Act of July 31, 1970, P.L. 673, No. 223, art. I, § 101, et seq., 17 P.S. § 211.101 et seq. (Supp.1976).

3. See, n. 1, *supra.*

4. Act of March 6, 1956 (P.L. 1228), 72 P.S. 3403–1; repealed concurrently with the effective date of the Tax Reform Act of 1971 (72 P.S. 7280).

administrative in nature . . . ." *Commonwealth v. Shafer*, 414 Pa. 613, 622, 202 A.2d 308, 313 (1964). The Tax Reform Act of 1971 contains specific provisions that persons aggrieved by decisions of the Board of Finance or Department of Revenue have the right to appeal those decisions to the Commonwealth Court.[5] Furthermore, Section 211.403(1) of the Appellate Court Jurisdiction Act states:

"The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of administrative agencies in any of the following cases."

(1) All appeals from administrative agencies of the Commonwealth under the Administrative Agency Law or otherwise and including appeals from the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any department, departmental administrative board or commission, independent board or commission or other agency or administrative officer of this Commonwealth having statewide jurisdiction. . ."

See, *Charles Riebe Construction Co. v. Commonwealth of Pa.*, 17 Pa.Cmwlth. 508, 333 A.2d 226 (1975); *Westinghouse Broadcasting Co., Inc. v. Commonwealth Board of Finance and Revenue*, 14 Pa.Cmwlth. 59, 321 A.2d 413 (1974); and *Lilian et al. v. Commonwealth of Pennsylvania, et al.*, 11 Pa.Cmwlth. 90, 311 A.2d 368 (1973).

The amendments to the Appellate Court Jurisdiction Act[6] demonstrate the intent of the legislature to centralize all state administrative agency appeals in the Commonwealth Court unless a contrary intent is clearly demonstrated. *Hartman v. Commonwealth Department of Transportation*, 6 Pa.Cmwlth. 409, 295 A.2d 850 (1972). In my view, the intent of the legislature as expressed in the Appellate Court Jurisdiction Act would best be served by transferring this appeal to the Commonwealth Court.[7]

5. The Tax Reform Act of 1971, 72 P.S. §§ 7235, 7255 (Supp.1976).

6. 17 P.S. 211.508 and 17 P.S. 211.509.

7. See, Section 211.503(b) of the Appellate Court Jurisdiction Act.