(684 P.2d 1036)

No. 56,572

IN THE MATTER OF THE APPEAL OF HARLAN R. BLACK, dba BLACK'S WELDING SERVICE FROM A SALES TAX ASSESSMENT DATED JANUARY 28, 1983, FOR THE PERIOD OF JANUARY 1, 1980, THROUGH DECEMBER 31, 1982, IN THE AMOUNT OF $1,563.84 TAX, AND INTEREST IN THE AMOUNT OF $396.29 FOR A TOTAL ASSESSMENT OF $1,960.13.

Petition for review denied October 2, 1984.

Opinion filed August 2, 1984.

*Ron Svaty*, of Aylward, Svaty & Sherman, of Ellsworth, for appellant Harlan R. Black.

*Cleo G. Murphy*, attorney, Kansas Department of Revenue, and *William L.*

*Edds,* general counsel, for appellee Department of Revenue of the State of Kansas.

Before FOTH, C.J., PARKS and MEYER, J.J.

MEYER, J.: Appellant Harlan Black is the sole proprietor of Black's Welding Service. In connection with his business, appellant constructed drilling rigs for Ramco Drilling and Texas Energies; he was also involved in the construction of a pipeline for AFS Construction. Throughout these projects, appellant worked as an independent contractor, not as an employee of the other companies involved. The drilling rigs and pipeline constructed by appellant were for the use of the companies which commissioned their construction; these products were not meant for resale.

The Kansas Department of Revenue assessed sales tax against appellant in connection with the services he had rendered. The tax assessment was for the period of January 1, 1980, through December 31, 1982. The total assessment amounted to $1,960.13, with tax of $1,563.84 and interest at the statutory rate, computed to March 31, 1983, in the amount of $396.29.

Appellant protested this assessment. Following a hearing, the Director of Taxation upheld the imposition of the tax. Appellant then appealed to the Board of Tax Appeals of the State of Kansas. The Board affirmed the director's decision. Following the Board's denial of his request for rehearing, appellant perfected the instant appeal to this court.

The State Board of Tax Appeals based appellant's tax liability on K.S.A. 1983 Supp. 79-3603($q$), which provides:

"For the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows:

. . . .

"($q$) a tax at the rate of three percent (3%) upon the gross receipts received for services of repairing, servicing, altering or maintaining tangible personal property which when such services are rendered is not being held for sale in the regular course of business, and whether or not any tangible personal property is transferred in connection therewith. The tax imposed by this subsection shall be applicable to the services of repairing, servicing, altering or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property."

Appellant first argues that the last sentence of subsection ($q$) is a statement of limitation; that is, the tax applies only to "tangible

personal property which has been and is fastened to, connected with or built into real property." Plaintiff argues that his products were not fastened to, connected with or built into real property, and so his services are not taxable.

The first rule of statutory construction is to ascertain, if possible, the intent of the legislature. *Johnston v. Tony's Pizza Service,* 232 Kan. 848, 658 P.2d 1047 (1983). All other rules of construction are subordinate. *Baker v. R. D. Andersen Constr. Co.,* 7 Kan. App. 2d 568, 644 P.2d 1354, *rev. denied* 231 Kan. 799 (1982). Words in common usage are to be given their natural and ordinary meanings in arriving at the proper construction of a statute. *NEA-Topeka v. U.S.D. No. 501,* 7 Kan. App. 2d 529, 531, 644 P.2d 1006 (1982).

Turning specifically to tax statutes, we note that sales tax statutes, such as K.S.A. 1983 Supp. 79-3603, are penal, and thus must be strictly construed in favor of the taxpayer. *J. G. Masonry, Inc. v. Department of Revenue,* 235 Kan. 497, 500, 680 P.2d 291 (1984); *State v. Zimmerman & Schmidt,* 233 Kan. 151, 155, 660 P.2d 960 (1983). This rule of strict construction, however, does not permit a disregard of manifest legislative intention appearing from plain and unambiguous language. *J. G. Masonry, Inc. v. Department of Revenue,* 235 Kan. at 500; *State v. Howard,* 221 Kan. 51, 54, 557 P.2d 1280 (1976).

In *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 562 P.2d 65, *modified* 221 Kan. 752, 564 P.2d 1280 (1977), the Kansas Supreme Court declared unconstitutionally vague the predecessor statute to that now being considered. Under the prior statute, some services in connection with tangible personal property were taxable, while the same services for tangible personalty connected to real estate were not. The court found this distinction impossible for laymen to make. 221 Kan. at 664.

In response to the court's ruling, the legislature amended K.S.A. 1976 Supp. 79-3603. L. 1977, ch. 337, § 2. As part of this amendment, the legislature added subsection (*q*). This addition was explained in Statement of Legislative History Re 1977 S.B. 49, adopted by Senate Committee on Assessment and Taxation April 29, 1977:

"Secondly, there is added a new subsection (q), which imposes the tax on the service of repairing, servicing, altering or maintaining tangible personal property per se, and further makes the tax applicable to the services of repairing, servicing,

altering or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property. . . . The last sentence of subsection (q) was intended as an addition to and not a limitation on the first part of the subsection. The intent was to make it clear that personal property becoming a part of real estate retains its character as personalty for purposes of repair, servicing, alteration or maintenance."

Having examined the legislative history of 79-3603($q$), we reject the construction of that subsection advanced by appellant. The second sentence of that subsection was not meant to serve as a limitation on the first sentence thereof. Rather, the legislative intent was to clearly and specifically include the services of repairing, servicing, altering or maintaining fixtures within the sphere of taxability.

Appellant next argues that the services he performed were such that his finished products were more than mere alterations of the raw materials; he contends that his actions qualitatively changed those raw materials, so that his services amounted to "original construction," which is exempt from taxation under 79-3603($p$).

The Board held that the welding of pipe into a pipeline and of angle iron into drilling rigs constituted an alteration of those raw materials. Whether plaintiff's actions constituted a taxable alteration of tangible personal property under 79-3603($q$) is, like the preceding question, one of statutory construction; thus, the aforementioned rules of statutory construction once again apply.

The precise question before us is whether appellant's services constituted the "altering . . . of tangible personal property . . . " under 79-3603($q$). Our research has disclosed no Kansas case interpreting the verb "alter" as it is used in that statute. However, we have discovered other authoritative sources which are quite informative.

Black's Law Dictionary 71 (5th ed. rev. 1979) offers the following definition of "alter":

"To make a change in; to modify; to vary in some degree; to change some of the elements or ingredients or details without substituting an entirely new thing or destroying the identity of the thing affected. To change partially. To change in one or more respects, but without destruction of existence or identity of the thing changed; to increase or diminish."

Webster's Third New International Dictionary 63 (1964) states that to alter is, "to cause to become different in some particular

characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else."

In *Riebe Construction v. Comth.,* 17 Pa. Commw. 508, 333 A.2d 226 (1975), the court determined that the crushing of larger stones into smaller stones (i.e., gravel) constituted an "altering of tangible personal property" for the purposes of a statute imposing a use tax on certain services. The court referred to Webster in stating that "altering" means "to make different without changing into something else." 17 Pa. Commw. at 512.

The foregoing authorities are persuasive; we also note a common theme running through them. Having consulted 3A C.J.S., Alter, p. 261 *et seq.,* and 3 Words and Phrases, Alter; Alteration, p. 396 *et seq.,* we conclude this theme is one that runs universally through every judicial opinion found by our research which has addressed the meaning of "alter." In accordance with this universal theme, we hold as follows: As used in 79-3603(*q*), "altering" means changing or modifying in some form, manner or respect, so as to affect some details, characteristics or elements of the thing changed without destroying its existence or identity, or substituting an entirely new thing in its place.

Having defined the statutory term, we must now determine whether the services provided by appellant fall within that definition. We conclude that they do.

In constructing drilling rigs from angle iron, appellant has made no qualitative change in the angle iron itself; all he has done is to take a quantity of angle iron and rearrange its spatial arrangement. Despite being put to use as a component part of a completed product, each piece of angle iron retains its identity as angle iron. Thus, appellant has merely altered the angle iron.

The same reasoning holds true for the welding of individual sections of pipe into a continuous and unbroken pipeline. The inherent nature of each segment of pipe is not changed by the simple act of connecting the segments into a continuous conduit; both before and after interconnection, the pipe remains pipe.

Based on our holdings above, we conclude the order of the Board of Tax Appeals of the State of Kansas sustaining the imposition of an assessment of sales taxes was correct. That order is affirmed.