(772 P.2d 822)

No. 62,645

IN THE MATTER OF THE APPEAL OF BERNIE'S EXCAVATING COMPANY, INC., FROM A NOTICE OF ASSESSMENT OF ADDITIONAL RETAILERS' SALES TAX.

Petition for review denied June 6, 1989.

Opinion filed May 5, 1989.

*Mark A. Burghart*, general counsel, and *Thomas E. Hatten*, of Kansas Department of Revenue, of Topeka, for appellant.

*Bruce D. Woolpert*, of Hardesty & Puckett and Woolpert, of Topeka, for appellee.

Before, BRAZIL, P.J., LARSON and GERNON, JJ.

BRAZIL, J.: The Kansas Department of Revenue (Department) timely appeals a Board of Tax Appeals (BOTA) order directing that construction contracts be severed into taxable and nontaxable components in order to determine the appropriate retailers' sales tax due on labor services. The Department contends that (1) the BOTA did not make findings of fact as required by K.S.A. 1988 Supp. 74-2426(a), (2) as a matter of law, K.S.A. 1988 Supp. 79-3603(p) imposes a sales tax on excavation services which are an integral part of the installation of sewer and water pipe and other similar materials, and (3) the BOTA acted unreasonably, arbitrarily, and capriciously. We affirm.

The Department informed Bernie's Excavating Co., Inc., (Bernie's) that, according to an audit conducted by the Department, Bernie's was subject to additional retailer's sales tax, including penalty and interest. Bernie's sought review from the Director of Taxation (Director). In a hearing before the Director, Bernie's argued that a large percentage of the contract work performed by Bernie's was excavation of earth, which is nontaxable. The Director found that Bernie's gross receipts for labor

services performed for customers, including excavation, were subject to Kansas sales tax pursuant to K.S.A. 1988 Supp. 79-3603(p) and ordered Bernie's to pay the audit assessment. Bernie's appealed to the BOTA.

The BOTA found that each project assessed was comprised of taxable services and nontaxable excavation. The BOTA determined that the contracts at issue are severable and ordered the parties to ascertain the portion of sales subject to tax and the portion attributable to nontaxable excavation services. The BOTA concluded that the interest and penalty ordered in the assessment should be sustained as to the taxable portion of the sales. The Department filed a motion for rehearing, which was denied. The Department then filed this appeal.

In *In re Appeal of News Publishing Co.*, 12 Kan. App. 2d 328, Syl. ¶ 1, 743 P.2d 559 (1987), this court discussed the proper scope of review governing a BOTA decision.

"In reviewing the action of the Board of Tax Appeals, this court is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily, or capriciously; (2) the administrative order was substantially supported by evidence; and (3) the action was within the scope of its authority. However, while matters of assessment and taxation are administrative in character and the judiciary may not substitute its judgment for that of the administrative agency, construction of statutory language is a proper judicial function."

At oral argument, this panel questioned the finality of the order. After review of K.S.A. 1988 Supp. 74-2426(b), we are satisfied that the order became final and appealable following the BOTA's denial of the Department's motion for rehearing.

1. Written findings of fact.

The Department argues that the BOTA failed to comply with K.S.A. 1988 Supp. 74-2426(a), which requires the BOTA to "make written findings of fact forming the basis of its determination and final order." The Department specifically objects to the following order:

"The Board concludes that at least some of the sales taxed by the director's order should be separated from taxable sales. The Department's brief accurately points to discrepancies between Mr. Barge's estimates and the invoices associated with some jobs. We therefore direct the parties to ascertain the portion of sales subject to tax and that portion attributable to excavation (non-taxable) services. In the event a *dispute continues* and the parties are unable to agree, the Board may hear additional evidence on rehearing."

The Department argues that the order improperly delegates the BOTA's duty to make findings of fact to the parties.

In discussing the requirement that the BOTA make specific findings of fact, the Kansas Supreme Court said:

"It is a general rule of administrative law that an agency must make findings that support its decision, and those findings must be supported by substantial evidence. [Citation omitted.] The necessity for findings is to 'facilitate judicial review, avoid judicial usurpation of administrative functions, assure more careful administrative consideration to protect against careless and arbitrary action, assist the parties in planning their cases for rehearing and judicial review, and keep such agencies within their jurisdiction as prescribed by the Legislature.' *Kansas Public Service Co. v. State Corporation Commission,* 199 Kan. 736, 744, 433 P.2d 572 (1967)." *In re Tax Appeal of Horizon Tele-Communications, Inc.,* 241 Kan. 193, 196, 734 P.2d 1168 (1987).

In this case, the BOTA concluded that the sales taxed by the assessment could be separated into taxable and nontaxable sales. The decision was supported by the BOTA findings that Bernie's testimony and invoices indicated that each project taxed included nontaxable excavation work and taxable services. The findings of fact made by the BOTA are sufficient to indicate the BOTA order was not arbitrary and forms a sufficient basis for judicial review. The BOTA's order instructing the parties to determine the percentage of Bernie's work which is nontaxable excavation work does not make the BOTA findings of fact or conclusions inadequate.

2. K.S.A. 1988 Supp. 79-3603(p).

The BOTA decided that K.S.A. 1988 Supp. 79-3603(p) taxes only the service of installing personal property and that excavation is separate from installation and should not be taxed. In making this determination, the BOTA said:

"The Board reads K.S.A. 79-3602(h) and K.S.A. 79-3603(p) together. K.S.A. 79-3603(p) taxes only receipts for the service of installing personal property. Thus, K.S.A. 79-3602(h) only imposes a tax upon that service. The transactions at issue encompass far more than those taxable services. Taxpayer correctly states that had the parties voluntarily severed the contracts, the Department could not have assessed that portion of the gross receipts attributable to excavating. Tax statutes are penal in nature and are construed in favor of the taxpayer. *J.G. Masonry, Inc. v. Department of Revenue,* 235 Kan. 497, 680 P.2d 291 (1984). The Board concludes that the transactions are severable. K.S.A. 79-3602(h) should be limited to taxable services as defined by K.S.A. 79-3603(p). That is less than all of the receipts in this case. The Board notes that the director reached a similar conclusion in *Appeal of Sherwood Construction Co.,* Docket No. 83-187. Our conclusion that the contracts are severable makes the exemption question [K.S.A. 79-3603(p) (1) (2) and (3)] superfluous."

The Department argues that the act of excavation is an integral part of installation of sewer or water pipes and that the plain meaning of installation includes excavation. The Department contends that all the labor services described as excavation are taxable.

"Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. [Citations omitted.] . . . When there is reasonable doubt as to the meaning of a taxation statute, the statute will be construed in a manner most favorable to the taxpayer." *In re Appeal of News Publishing Co.*, 12 Kan. App. 2d at 332.

In *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984), the court said,

"Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. The rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it."

K.S.A. 1988 Supp. 79-3603(p) provides that a tax will be imposed "upon the gross receipts received for the service of installing . . . personal property." " 'Gross receipts' means the total selling price or the amount received . . . from sales at retail within this state." K.S.A. 1988 Supp. 79-3602(h). We must determine whether the term "installing," when used with regard to sewer and water pipe installation, includes the service of excavation.

In *Terrill v. City of Lawrence*, 193 Kan. 229, 234, 392 P.2d 909 (1964), the court indicated that dictionary definitions may be used to determine the meaning of words used in statutes. The relevant terms in this case are *installing* and *excavating*. Installing is defined as "to establish in a place or condition; settle . . . to fix in position for use." Webster's New World Dictionary 729 (2d College ed. rev. 1980). Excavating is defined as "to make a hole or cavity in, as by digging; hollow out . . . ; unearth." Webster's New World Dictionary 487 (2d College ed. rev. 1980).

Strictly applying the definitions of the words, installing appears to be separate and distinct from excavating. Although dirt must be excavated before sewer or water pipe can be installed, the two processes are not the same. In view of the rule that

statutes are not to be read so as to add meanings not clearly intended and the rule that when reasonable doubt exists as to the meaning of a taxing statute, the statute should be construed in favor of the taxpayer. We find that the term "installing" as used in K.S.A. 1988 Supp. 79-3603(p) does not include excavation services and uphold the BOTA determination that the sales at issue can be divided into taxable installations of personal property and nontaxable excavation services.

3. Unreasonable, arbitrary, and capricious.

The Department argues that the BOTA acted arbitrarily and capriciously in severing the construction contracts entered into by Bernie's into taxable and nontaxable components for the purpose of computing sales tax. The Department argues that K.S.A. 1988 Supp. 79-3603(p) instructs that "gross receipts received for the service of installing or applying tangible personal property" should be taxed. "Gross receipts" means the "total selling price" (K.S.A. 1988 Supp. 79-3602[h]), and "selling price" means the "total cost to the consumer" (K.S.A. 1988 Supp. 79-3602[g]). Applying these definitions, the Department's policy for determining the tax base on contracts involving the installation of personal property is to consider the difference between the contract price and the cost of materials and supplies. The Department argues that severing construction contracts into taxable and nontaxable services is arbitrary. We disagree.

Based upon our interpretation of the statutes cited, excavation services are not taxable. The fact that taxable services and nontaxable services are governed by the same contract does not mean that the entire contract price should be taxed. To the contrary, it is inequitable to subject the taxpayer to higher taxes simply because separate contracts were not drawn for the different services. Likewise, it is unfair for a contractor who enters into separate excavation and installation contracts to pay less in taxes than a contractor who enters into one contract for both services.

The Department also complains that the BOTA improperly relied on a previous decision by the Director of Taxation in deciding to sever this contract into taxable and nontaxable parts. The Department argues that previous decision was erroneous and should not have been considered. The case at issue, *Appeal of Sherwood Construction Company, Inc.*, Director's Docket

No. 83-187 (February 7, 1984), involved a situation similar to the case at hand. In *Appeal of Sherwood,* the taxpayer protested the assessment of taxes on a construction contract which involved the movement of dirt and the installation of personal property. The Department argued that, although services rendered for the excavation of dirt are not taxable, the gross receipts for the entire project were taxable because some personal property was furnished for installation. The Director ordered that the assessment of taxes be amended so as to tax only the amount representing services rendered for the installation of personal property. The Director's decision in *Appeal of Sherwood* has not been overturned. The BOTA did not err in considering *Appeal of Sherwood* when deciding this case.

The BOTA did not act arbitrarily and capriciously in ordering the sales in this case be divided into taxable and nontaxable transactions. Fairness dictates that Bernie's should be assessed taxes only on the installation of personal property, regardless of the other services rendered under the same contract. The decision by the BOTA is affirmed.