(827 P.2d 74)
No. 66,604 ■

KANSAS POWER and LIGHT COMPANY, *Appellee,* v. KYLE DAVID
AARENS, *et al., Appellants.*

—

Opinion filed January 10, 1992.

*William P. Coates, Jr.,* and *Douglas M. Greenwald,* of McAnany, Van
Cleave & Phillips, P.A., of Lenexa, for appellants.

*Jeffrey S. Southard,* general counsel, Kansas Power & Light Co., of
Topeka, for appellee.

Before BRISCOE, C.J., GERNON, J., and PHILIP L. SIEVE, District
Judge, assigned.

GERNON, J.: This appeal raises the issue of whether a utility,
Kansas Power and Light Company (KP&L), is required to pay

sales tax for repairing its own equipment, thereby making a tort-feasor, the defendants here, liable for such sales tax as part of a damage award or settlement.

The ten defendants here were sued by KP&L on a negligence theory after each damaged KP&L's property with their auto-mobiles. The only issue contested by any of the defendants was whether KP&L was required to pay sales tax for the repair of the property, making such tax an element of damages.

The facts, as well as the same parties, were before this court in *Kansas Power & Light Co. v. State Farm Mut. Auto. Ins. Co.*, No. 63,987, unpublished opinion filed February 23, 1990, in which KP&L brought a declaratory judgment action to determine its liability under the Kansas sales tax statutes. We reversed and remanded with directions to dismiss, finding that no controversy existed between the parties. We also noted that the Kansas Department of Revenue could still pursue any appropriate action, since the Department was not a party to the declaratory judgment action.

KP&L then sued Aarens and nine others (Aarens), not asking for an interpretation of the sales tax statutes, but rather to recover *all* damages, including sales tax, as a result of Aarens' acts which damaged the property of KP&L. KP&L does not contest the payment of sales tax, but Aarens did. Aarens did not implead the Department of Revenue under K.S.A. 60-214(a) as a party.

### Actual Controversy

Aarens argues that the district court had no jurisdiction to hear the case because the same issue being raised here was raised in the prior case, but by a different approach. KP&L states that this is an action to recover damages, of which the sales tax is one element. We agree with KP&L that an actual controversy exists. KP&L claims Aarens owes sales tax as part of the damages. Aarens denies the sales tax is an element of damages and refuses to pay it.

### Sales Tax on Repairs to Own Property

K.S.A. 79-3603 states in part:

"For the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the services

taxable under this act, there is hereby levied and there shall be collected and paid a tax at the rate of 4.25% upon:

. . . .

"(l) the gross receipts received from the sales of tangible personal property to all contractors, subcontractors or repairmen of materials and supplies for use by them in erecting structures for others, or building on, or otherwise improving, altering, or repairing real or personal property of others;

. . . .

"(q) the gross receipts received for the service of repairing, servicing, altering or maintaining tangible personal property, except computer software described in subsection (s), which when such services are rendered is not being held for sale in the regular course of business, and whether or not any tangible personal property is transferred in connection therewith. *The tax imposed by this subsection shall be applicable to the services of repairing, servicing, altering or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property."* (Emphasis added).

Aarens argues that, when KP&L uses its own employees to repair its own property, no taxable event has occurred under the Kansas Retailers' Sales Act, K.S.A. 79-3601 *et seq.* Aarens contends that KP&L did not sell any services to Aarens as the "ultimate consumer." KP&L argues that the sales tax is part of the gross receipts which it is obligated to collect and Aarens is obligated to pay, regardless of who performs the repairs or causes them to be made.

Several Kansas decisions have addressed sales tax issues. The Kansas Supreme Court stated in *Southwestern Bell Tel. Co. v. State Commission of Revenue and Taxation,* 168 Kan. 227, 233, 212 P.2d 363 (1949), that:

"There is one basic principle about our sales tax act. It is that the *ultimate consumer should pay the tax and no article should have to carry more than one sales tax.* The intention was that in the various steps between a loaf of bread and the wheat field the person who bought the wheat from the farmer should not pay a sales tax nor the mill that bought it from the elevator man nor the jobber who bought the flour from the mill nor the baker who bought the flour from the jobber. . . . It should be noted that for each step from the wheat field to the bakery the title to the wheat and flour passed. It was bought each time with the idea of the title passing and there being a resale. This is not true of the property in question here. *When the telephone company buys a pole and sets it in the ground the pole belongs to it and the title does not pass to anyone of the telephone company's service.* When the baker buys a new oven or the shoemaker a new machine or the shirt-maker a new sewing machine, *he pays a sales tax on these purchases because*

*they are the ultimate consumers, the title has come. to rest; no further transfer of title is contemplated.*" (Emphasis added).

The court noted that the retail sales tax was to be levied "upon the privilege of selling tangible personal property at retail in this state or rendering or furnishing certain services therein." 168 Kan. at 230-31. The court stated the test for determining whether sales tax is due is "whether the sale in question is for resale or to be finally consumed by the buyer." 168 Kan. at 235.

Applying the holding in *Southwestern Bell* to the instant case, it is clear that KP&L is the final and ultimate consumer of the goods used to repair the damage Aarens caused. Therefore, KP&L is obligated to pay sales tax on the actual property used.

Whether a tax is owed on the service of repairing the damage and whether it is owed on all or part of the service has been considered in other Kansas cases.

This court considered the sales tax assessment on services in *In re Tax Appeal of Black*, 9 Kan. App. 2d 666, 667, 684 P.2d 1036, *rev. denied* 236 Kan. 876 (1984). In *Black*, we reviewed the legislative history of K.S.A. 1983 Supp. 79-3603(q), which is still applicable to K.S.A. 1989 Supp. 79-3603(q). We stated that "the legislative intent was to clearly and specifically include the services of repairing, servicing, altering or maintaining fixtures within the sphere of taxability." *Black*, 9 Kan. App. 2d at 669.

A similar result is found in *In re Tax Appeal of AT&T Technologies, Inc.*, 242 Kan. 554, 562, 749 P.2d 1033 (1988). AT&T furnished repair services and equipment to Southwestern Bell, repairing telephones for Bell which could not be repaired in the field. AT&T contested the imposition of sales tax on the service of repairing telephones for Southwestern Bell. The Kansas Supreme Court held that the telephone company was the final user or consumer of the equipment used to enable it to provide services to its customers and, therefore, the repairs were subject to the sales tax.

Most recently, this court affirmed the retailers sales tax assessed and the severance of certain contracts into taxable and nontaxable components in *In re Tax Appeal of Bernie's Excavating Co.*, 13 Kan. App. 2d 476, 481, 772 P.2d 822, *rev. denied* 245 Kan. 784 (1989). The nontaxable event was the excavation part of the service provided.

The controlling factor in these cases is that the tangible goods were under the control and had come to rest with the final, ultimate consumer and were not possessed for resale. Who or what entity performed the repair work is immaterial. Whenever the goods come to rest with the ultimate consumer, a taxable event occurs which requires the payment of the sales tax on both the goods and on all taxable components of the repair service.

### Isolated or Occasional Sale

Finally, Aarens argues that the repair work is exempt from sales tax under K.S.A. 79-3606(l), which excepts isolated or occasional sales. Aarens contends that, because KP&L is not in the business of selling its repair services to others and the work is performed on a nonrecurring basis, it should be considered as an isolated or occasional sale.

This issue is moot, given our conclusion that KP&L, under these facts, is the ultimate consumer. Once this conclusion is reached, KP&L is liable for the sales tax on the tangible property and on the repairs.

Even if not moot, KP&L consumes and repairs many poles, gas meters, and other tangible property. As the ultimate consumer, KP&L is responsible for the sales tax as part of its normal business consumption.

Affirmed.

BRISCOE, C.J., concurring: I agree with the conclusion reached by the majority that the tortfeasors are liable for the sales tax in this case. I reach this conclusion not because I am convinced that repair work performed by KP&L employees for the benefit of KP&L is a taxable event, but rather because the necessary parties have not been joined in this litigation to address this tax question.

KP&L is presently treating repair work done by its employees for the benefit of KP&L as a taxable event because it has received prior directives from the Department of Revenue. Whether this ruling is correct cannot be addressed in this litigation without the joinder of the Department of Revenue. As the sales tax is being paid by KP&L and no one has properly challenged whether it is owed, the sales tax becomes a part of the damages incurred by KP&L and owed by the tortfeasors.