## No. 33,682

'FRANK J. WARREN, d.b.a. FRANK J. WARREN FOOD MARKET, *Plaintiff,* v. W. G. FINK, LESTER LUTHER and C. C. COGSWELL, as the State Tax Commission of the State of Kansas, *Defendants.*

## No. 33,683

PAUL W. ROLLEY and ROSCOE GRAY, Partners d.b.a. AMERICAN ICE COMPANY, *Plaintiffs,* v. W. G. FINK, LESTER LUTHER and C. C. COGSWELL, as the State Tax Commission of the State of Kansas, *Defendants.*

## No. 33,684

KANSAS SERVICE GROCERS, INC., *Plaintiff,* v. W. G. FINK, LESTER LUTHER and C. C. COGSWELL, as the State Tax Commission of the State of Kansas, *Defendants.*

(72 P. 2d 968)

 Opinion filed November 6, 1937. 

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, for the plaintiffs.

*D. C. Hill,* of Wamego, for the defendants. *W. G. Fink* and *Lester Luther,* both of Topeka, *pro se.*

The opinion of the court was delivered by

HARVEY, J.: These are three separate mandamus proceedings briefed and argued together, brought originally in this court, in which the respective plaintiffs seek orders requiring defendants to accept as correct, returns made by them under our recent sales-tax act (Laws 1937, ch. 374). This is an act providing for a tax upon the privilege of selling tangible personal property at retail. Generally speaking, it levies and provides for the collection and disbursement of a tax at the rate of two percent upon the sales of tangible personal property made to the consumer and not for resale. By its terms the act is to be administered by the state tax commission, which is authorized to make and enforce such reasonable rules and regulations not inconsistent with the provisions of the act as it may deem necessary. Under this authority defendant has made a number of rules and regulations, some of which deal with reports to be made by those whose duty it is, under the act, to collect and remit such taxes. The act contains definitions of some of the terms used therein, and some exceptions and exemptions are made in the act. Specific provisions of the act pertinent to the questions to be determined will be mentioned as we proceed.

In the Warren case, No. 33,682, plaintiff is in the retail grocery and meat business in Topeka. During June, 1937, he purchased from the Kansas Power and Light Company electric energy used for the purpose of running his refrigeration system wherein he stored meat, milk, vegetables and other perishable products kept for sale to his customers, the cooling system being necessary to preserve and keep such products in condition for sale. The cost of the current to June 25 was $16. He claims to be exempt from paying the tax

on the cost of this current under section 2, (*i*) and (*l*). The pertinent portions of these subdivisions read:

"(*i*) Sales and purchases of electricity, . . . for use in . . . processing, . . . shall be exempt from taxation under this act."

"(*l*) Each sale of tangible personal property or service made to a person engaged in the business of producing, manufacturing or compounding for sale, any article, substance, service or commodity which is actually used in the production, and enters into the processing of, and becomes an ingredient or component part of the article, substance, service, or commodity which he manufactures or compounds, produces or furnishes, . . . shall be deemed a wholesale sale and shall be exempt from taxation under this act; . . ."

The argument is that plaintiff is a processor within the meaning of the act. We think the point is not well taken. What is done is to preserve these commodities in substantially the same condition. It is quite different from the use of refrigeration to make ice cream from milk and other ingredients, or from making a new or different article by heat. The electric energy purchased by plaintiff is not resold, but is consumed by him in the conduct of his business, just as he might consume electric energy for lights in his store.

In the interpretation of this statute the rule common to tax statutes, that one who claims exemption from the tax must bring himself clearly within the exemption provisions, is applicable. It seems clear that plaintiff is unable to do this. In the Rolley and Gray case, No. 33,683, plaintiffs are partners engaged in the ice business. Exemptions from the tax are claimed on two classes of sales of ice—one to a retail dealer in fish and oysters, who uses the ice to cool the refrigerators in which his products are kept in salable condition; the other is a sale of ice to one Falley, who uses it for the cooling of bottled drinks which he sells to the public. The same provisions of the statute are relied upon as in the Warren case. The claim of exemption cannot be sustained.

In the Kansas Service Grocers case, No. 33,684, a somewhat different question is presented. Plaintiff is engaged in the wholesale business in this state, selling merchandise to retail grocers. On a date named it sold an order of merchandise consisting of paper trays, butter trays, wrapping paper, tying twine, paraffin paper and paper bags, to one Smith, a retail grocer, the sale price aggregating $15.45. Smith purchased this merchandise for the purpose of wrapping, sacking, or boxing merchandise which he had in his store for sale, when sold to customers. The cost of such wrapping paper, sacks, or trays is not segregated or figured separately on each sale, but the cost thereof is included by Smith in the overhead expense of

conducting his business, which, as other overhead expense, is figured in determining the price at which he sells his goods. The title to such wrapping paper, sacks, or trays passes to the customer with the merchandise sold, and is not returned to Smith. He claims such purchases by him are exempt under the sales-tax act.

It is first argued that plaintiff is not a "retailer" and that the sale was not a "retail sale," as those terms are defined in section 2 of the act, as follows:

"(d) 'Retailer' means a person regularly engaged in the business of selling tangible personal property at retail or furnishing electrical energy, gas, water, service or entertainment, known to the trade and public as such, and selling only to the user or consumer and not for resale."

"(e) 'Retail sale' or 'sale at retail' includes all sales made within the state of tangible personal property for use or consumption and not for resale, or furnishing electrical energy, gas, water, service or entertainment, except wholesale sales."

The words "wholesale" or "wholesale sale" are nowhere defined in the act. We think a fair meaning of these provisions is that when the sale of tangible personal property is for use or consumption by the purchaser and not for resale in substantially the condition he purchased it, it is a retail sale within the meaning of the act. We think it also clear, from the allegations of the petition for the writ, that Smith bought this merchandise to use or consume in his business, and did so use and consume it, just as he used or consumed light or heat for his store, or any other overhead expense. This view accords with the holding of the supreme court of Arkansas, in *Wiseman v. Ark. Wholesale Grocers' Ass'n*, 192 Ark. 313, 90 S. W. 2d 987, construing similar provisions of the sales-tax act of that state.

Aside from specific exceptions or exemptions provided in this act and not involved in this case we think the real test of a retail sale of tangible personal property is a sale to one who uses or consumes the property, irrespective of whether the property is used or consumed in the place of business or in the home of the purchaser.

Plaintiff further contends that Smith is "a producer, manufacturer, or compounder" within the meaning of section 2 (*l*) of the act, insofar as the purchase by him of wrapping paper, containers, etc., is concerned. The argument in support of this contention is not convincing. The definitions of those terms used to support the argument are too strained and argumentative to be practical.

The result is, the writ prayed for should be denied in each of these cases. It is so ordered.