(210 P.3d 663)
No. 99,772

IN THE MATTER OF THE APPEALS OF GENESIS HEALTH CLUBS
FROM ORDERS OF THE DIVISION OF TAXATION FOR SALES TAX

Opinion filed July 2, 2009.

*Gerald N. Capps*, of Andover, for appellant.

*James Bartle*, general counsel, and *David J. Dunlap*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before GREENE, P.J., PIERRON and GREEN, JJ.

GREENE, J.: Genesis Health Clubs (Genesis) appeals a summary judgment entered against it by the Kansas Board of Tax Appeals (BOTA), holding that certain purchases of tangible personal property were not consumed in the providing of taxable services and therefore not exempt under K.S.A. 2008 Supp. 79-3606(n) and that such purchases also did not become an ingredient or component part of taxable services and therefore not exempt under K.S.A. 2008 Supp. 79-3606(m). We agree with BOTA and affirm the judgment against Genesis.

## *Factual and Procedural Background*

Genesis is a private, for-profit health club with four locations in Wichita, Kansas. Genesis sells memberships that allow either all-inclusive or limited access to its various locations and services. A membership entitles the member to access Genesis' facilities and to take part in the services offered, depending on the membership class. Some services require an additional prepaid fee. Beyond these membership and prepaid fees, members are not charged for their actual use of specific facilities or any aspect thereof.

BOTA summarized, and there is no apparent challenge regarding, Genesis' purchase and use of property for which exemption has been sought:

"Genesis' facilities may include weight training equipment, exercise machines, one or more swimming pools, tennis courts, racquetball courts, volleyball courts, basketball courts, a dry sauna, a wet steam room, locker rooms with showers, tanning rooms with tanning beds, meeting rooms, a lounge, a concession stand, a kitchen, a laundry room, a daycare, group fitness rooms, staff offices, and off-limits storage or machinery areas. Genesis does not provide refunds if facilities are unavailable to members due to reasons such as mechanical failure. Access to exercise machines during heavy use periods is on a first-come, first served basis, and members may not have access to a machine during such periods.

"During business hours, most lights at the facilities are turned on. The owner and staff program the lighting control panels, and members cannot control the lighting. The pools are heated on a continual basis, and the saunas and steam

rooms are kept at preset temperature. Some exercise machines, and televisions in front of exercise machines, require electric power. Members may manually turn on the whirlpool jets, the sauna lights, and the steam room lights. Genesis control the air temperature at each location, and members do not have access to the thermostats. Genesis is required to follow the City of Wichita's regulations regarding the pools and tanning beds.

"Genesis mails a quarterly newsletter to members, provided at no additional cost as part of their membership. If a member does not receive a copy, the member may receive a replacement copy. The newsletters are also set out in the lobby areas in at least 2 Genesis locations for members or their guests to pick up.

"Genesis uses several different chemicals to kill organisms in the pool water, to avoid foaming in the whirlpool, and to maintain the pH balance of the pool water. The large pools are only filled up with water annually. Genesis uses water primarily for the showers, as well as for laundry and water fountains. Genesis uses natural gas to heat the water for showers and to heat the facilities during cold weather, and such natural gas is used up instantaneously.

"Some members do not use Genesis' showers, and some do. Some members may not use Genesis' towels or may bring their own, while the majority of members do use the towels. Members may not take towels from Genesis' facilities, are not charged extra for excess towel usage, and do not receive a dues discount if they do not use the towels. The towels are discarded after six months. Genesis uses laundry detergent to wash the towels. Laundry detergent is used up instantaneously. Genesis also purchased a sprinkler inspection."

Genesis charged, collected, and remitted Kansas retailers sales tax on all monthly dues for services offered subject to Kansas sales tax. On December 2, 2002, Genesis filed refund claims with Kansas Department of Revenue (KDR) for taxes paid on certain items purchased by Genesis from November 1999 through August 2002, including: (1) electricity; (2) natural gas; (3) water; (4) pool chemicals; (5) laundry detergent; (6) hand and bath towels; (7) soap and shampoo; (8) a sprinkler inspection; and (9) printing costs for the quarterly newsletter Genesis mails to its members and provides in the lobby area of at least two of its locations. Genesis sought exemption pursuant to K.S.A. 2008 Supp. 79-3606(m) and (n) for these items. KDR denied the exemption, and the Secretary of Revenue's designee upheld KDR's decision.

Genesis appealed KDR's decision to BOTA. An officer of BOTA's small claims division denied Genesis' refund request, and Genesis appealed to the full board. KDR filed a motion for summary judgment, and Genesis filed a cross-motion for summary

judgment. Ultimately, BOTA issued an order granting KDR's motion for summary judgment and denying Genesis' cross-motion for summary judgment. Genesis filed a motion for reconsideration, which was also denied. Genesis timely appeals.

### *Standards of Review*

BOTA orders are subject to appellate review under the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq*. This court's review of statutory interpretation in tax appeal matters is unlimited, and an appellate court applies the same general rules that are applied in other contexts. See *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77-78, 150 P.3d 892 (2007). Interpretation of a statute is a question of law over which appellate courts have unlimited review. 283 Kan. at 77.

"The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" 283 Kan. at 77.

An administrative agency's determination as to a question of law is not conclusive and, while persuasive, is not binding on the courts. 283 Kan. at 70. Although BOTA's decisions in its area of expertise are given deference, this court will take corrective steps if BOTA's actions are erroneous as a matter of law. *Board of Saline County Comm'rs v. Jensen*, 32 Kan. App. 2d 730, 733-34, 88 P.3d 242, *rev. denied* 278 Kan. 843 (2004).

" 'When construing tax statutes, statutes that impose the tax are to be construed strictly in favor of the taxpayer. Tax exemption statutes, however, are to be construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify.' [Citations omitted.]" *In re Tax Appeal of Graceland College Center*, 40 Kan. App. 2d 665, 668, 195 P.3d 245 (2008). Nevertheless, strict construction does not warrant unreasonable construction. 40 Kan. App. 2d at 668.

## *Did BOTA Err in Construing and Applying*
## *K.S.A. 2008 Supp. 79-3606(n) so as to Deny an Exemption*
## *to Genesis?*

Genesis first argues BOTA erred in its determination that Genesis failed to prove its purchases were exempt under K.S.A. 2008 Supp. 79-3606(n), which exempts property which is consumed in the providing of services for ultimate sale at retail. K.S.A. 2008 Supp. 79-3602(dd) defines " '[p]roperty which is consumed' " as "tangible personal property which is essential or necessary to and which is used in the actual process of and consumed, depleted or dissipated within one year in . . . (2) the providing of services." This statute then lists items that qualify as "property which is consumed," including electricity, gas, and water. K.S.A. 2008 Supp. 79-3602(dd)(B).

The exemption statute at issue, K.S.A. 2008 Supp. 79-3606(n), provides as follows:

"(n) all sales of tangible personal property which is consumed in the production, manufacture, processing, mining, drilling, refining or compounding of tangible personal property, the treating of by-products or wastes derived from any such production process, the providing of services or the irrigation of crops for ultimate sale at retail within or without the state of Kansas; and any purchaser of such property may obtain from the director of taxation and furnish to the supplier an exemption certificate number for tangible personal property for consumption in such production, manufacture, processing, mining, drilling, refining, compounding, treating, irrigation and in providing such services."

In denying Genesis' claim for exemption under this statute, BOTA relied heavily on K.A.R. 92-19-22b(d)(1), which provides:

"An exemption for gas, fuel, or electricity shall not be allowed if the gas, fuel, or electricity is utilized for heating, cooling, or lighting a building or business premises where sports, games, or recreational activities are conducted. An exemption shall not be allowed for water, cleaning supplies, toilet supplies, sanitary supplies, and other consumables and supplies used to furnish and maintain a building or business premises so that the business premises or building is fit for public occupancy as a place where sports, games, or recreational activities are conducted."

In response to what appears to be a clearly applicable administrative regulation, Genesis argues that the regulation is invalid as a matter of law because it "is significantly more restrictive than and

conflicts with the definition of the exemption," citing *In re Tax Appeal of Alex R. Masson, Inc.*, 21 Kan. App. 2d 863, 909 P.2d 673 (1995). We disagree.

Duly adopted administrative regulations are presumptively valid, and one who challenges them has the burden of showing their invalidity. *Pemco, Inc. v. Kansas Dept. of Revenue*, 258 Kan. 717, 720, 907 P.2d 863 (1995). Since *Warren v. Fink*, 146 Kan. 716, 72 P.2d 968 (1937), Kansas law and tax policy have consistently recognized that purchases of property such as electricity are not "consumed in" the provider's business if that property merely serves to create the environment for the business activity rather than to become a part of the product or·service itself. In *Warren*, the court refused an exemption for electricity to run a refrigeration system because the electricity "is not resold, but is consumed by him in the conduct of his business, just as he might consume electric energy for lights in his store." 146 Kan. at 718. Although the exemption statute has evolved since *Warren*, the case has long influenced tax policy in its restrictive interpretation of the terms "used" or "consumed" in production or providing services to exclude purchases that merely create environment rather than "mak[e] a new or different article." 146 Kan. at 718.

This policy is reflected in the regulation that follows K.A.R. 92-19-22b(d)(1) in that some electricity purchased by a taxpayer offering recreational services is exempt. K.A.R. 92-19-22b(d)(2) provides:

"An exemption shall be allowed for electricity or fuel that powers a machine that provides amusement or recreation and that directly interacts with the person who pays for the time-limited, interactive service that is being provided by the machine. This exemption shall include the following:

"(A) Automatic pinsetters, ball returns, telescore screens, and scorers' tables in bowling alleys;

"(B) Ferris wheels, merry-go-rounds, and other carnival rides;

"(C) baseball pitching machines, if rental fees are charged;

"(D) pinball machines; and

"(E) movie projection devices in movie theatres.

"The exemption for electricity consumed by machines that provide time-limited, interactive services shall be determined in accordance with K.A.R. 92-19-20."

The import of this regulation, when considered along with K.A.R. 92-19-22b(d)(1), is to demonstrate the continuing vitality of the

policy established by *Warren*: The "consumed in" exemption is not available for the purchases of electricity or other tangible personal property that merely creates the business environment rather than directly interacts and serves the purchaser of specific services.

Consistent with this policy, taxpayers have become accustomed to segregating exemption claims under K.S.A. 2008 Supp. 79-3606(n) so as to claim an exemption only for those purchases of utilities that power or serve to create the product or service and to exclude those purchases that merely create the environment for the business activity. This practice is governed by other administrative regulations that clearly contemplate this distinction. For example, K.A.R. 92-19-20(a) provides that "[a]n exemption for gas, fuel, or electricity shall not be allowed when utilized for the purpose of heating, cooling, and lighting buildings or business premises except electricity, gas, fuel and water actually used by hotels and motels in rented rooms taxable under K.S.A. 79-3603." It is not uncommon for taxpayers to purchase both taxable and exempt utilities, and numerous regulations contemplate that a taxpayer's purchases of electricity, gas, or water must be appropriately segregated. See, *e.g.*, K.A.R. 92-19-20(c) (burden on taxpayer to establish the exempt portion of such purchases when furnished through same meter); K.A.R. 92-19-37 (utility purchases by multifamily dwellings through single meter must be prorated for percentage used for residential purposes).

Accordingly, we disagree with Genesis in its suggestion that the regulation is "invalid as a matter of law." To the contrary, the regulation serves as one of many such regulations that are consistent with long-established tax policy in Kansas. BOTA's application of this regulation to deny taxpayer's exemption was not erroneous.

Genesis also contends that its purchases are like those of a hotel or motel and that hotel/motel purchases of similar tangible personal property are exempt. We disagree. Indeed, K.A.R. 92-19-24(b) and (e) exempt "items that are used in the hotel room by the guest and that are disposable in nature" and "electricity, gas, fuel, and water actually used by a hotel in sleeping rooms." BOTA rejected Genesis' argument, however, reasoning as follow:

"As the Department [KDR] argues, the renting of rooms is a service distinguishable from entitling customers to use facilities for recreation. Primarily, a renter of a hotel room enjoys considerable rights over the room. These rights include the individual's right to personal, 24-hour discretionary control over air conditioning, heating, lighting and appliances, water and individually packaged toiletries. Conversely, at Genesis' facilities, the individuals who have purchased the entitlement to use the facility for recreation during business hours have no personal control over the facilities' level of lighting, air temperature, water use, soap use, etc. In other words, the individual members are not the final consumer of the property. The Board also notes that Genesis has not cited any for-profit health club or other provider of recreational services that has qualified for exemption under the statutes at issue."

We agree. In fact, the hotel/motel regulation recognizes this distinction in providing that there shall be no exemption for "electricity, gas, fuel, and water consumed in a hotel's common areas," including "swimming pools." K.A.R. 92-19-24(e). This is entirely consistent with KDR's refusal to grant an exemption for taxpayer's purchases. And, that same regulation provides that where such purchases are furnished by a single meter, the taxpayer has the burden of segregating taxable from exempt purchases, consistent with the long-established tax policy discussed above.

Finally, Genesis argues that BOTA erred in relying on *In re Tax Appeal AT&T Technologies, Inc.*, 242 Kan. 554, 749 P.2d 1033 (1988), and *Southwestern Bell Tel. Co. v. State Commissioner of Revenue and Taxation*, 168 Kan. 227, 212 P.2d 363 (1949). Genesis argues these cases may have been appropriate authority for determining Genesis' alternative claim that the subject purchases of tangible personal property were ingredient or component parts of taxable services provided under K.S.A. 2008 Supp. 79-3606(m), but neither of these cases construed or applied 79-3606(n), the "consumed in" exemption. Again, we disagree. Although K.S.A. 2008 Supp. 79-3606(n), in its current form, was not before the court in these cases, its predecessor statute, G.S. 1947 Supp. 79-3602(k), was indeed construed and applied by the court in *Southwestern Bell*. And, more importantly, both cases embrace the fundamental principle that it is the ultimate consumer that should pay sales tax. *AT&T Technologies*, 242 Kan. at 559; *Southwestern Bell*, 168 Kan. at 233.

Genesis has characterized this case as one of first impression. With due respect, we view it as one seeking to depart well-established policy and practice. BOTA did not err in denying taxpayer an exemption for the subject purchases under K.S.A. 2008 Supp. 79-3606(n).

### *Did BOTA Err in Construing and Applying K.S.A. 2008 Supp. 79-3606(m) so as to Deny an Exemption to Genesis?*

Genesis has alternatively argued at BOTA and on appeal that its purchases are exempt under K.S.A. 2008 Supp. 79-3606(m) because they became ingredients or component parts of the services Genesis provides. Although Genesis' "summary of argument" section of its appellate brief suggests only that its purchases of newsletters, soap, and shampoo qualify for this exemption, the argument section of the brief fails to narrow the argument in this fashion.

K.S.A. 2008 Supp. 79-3606(m) exempts from taxation all sales of tangible personal property that become an ingredient or component part of tangible personal property or services produced for ultimate sale at retail. K.S.A. 2008 Supp. 79-3602(p) defines " 'ingredient or component part' " as "tangible personal property which is necessary or essential to, and which is actually used in and becomes an integral and material part of tangible personal property or services produced . . . in its regular course of business." The statute includes a nonexclusive list of items that qualify as ingredients or component parts, such as containers, labels, and shipping cases that are not returned to the producer and paper and ink used in the publication of newspapers. K.S.A. 2008 Supp. 79-3602(p)(1)-(6).

BOTA denied the exemption under these statutes, reasoning as follows:

"The taxable service Genesis sells is the entitlement to the use of its facilities for recreation. See K.S.A. 79-3603(n). Genesis seeks exemption for tangible personal property it asserts it utilizes in providing this service. The Board finds that the tangible personal property at issue is not an ingredient or component part of the entitlement to use Genesis' recreational facilities under the clear and unambiguous language of K.S.A. 79-3606(m) and 79-3602(p). The Board further finds that the tangible personal property at issue is not consumed in providing the

entitlement to use Genesis' facilities for recreation under the clear and unambiguous language of K.S.A. 79-3606(n) and K.S.A. 79-3602(dd). The Board concludes that Genesis' ownership and use of the tangible personal property at issue may be necessary to enable Genesis to furnish its service to its customers, but Genesis is the ultimate consumer of such property under the meaning of the statute, because the property does not become a part of the service provided and title to the property does not pass to the customer. See *AT&T Technologies*, 242 Kan. at 560; *Southwestern Bell*, 168 Kan. at 233. In other words, the tangible personal property is sold to Genesis, who does not resell the property to its members, but rather sells them the entitlement to use its facilities for recreation. See *Warren v. Fink*, 146 Kan. 716, Syl. ¶ 5, 72 P.2d 968 (1937)."

We agree. Indeed, both the *AT&T Technologies* and *Southwestern Bell* cases embrace the time-honored rule that in Kansas, it is "the ultimate consumer that should pay the tax and no article should have to carry more than one sales tax." *AT&T Technologies*, 242 Kan. at 559; *Southwestern Bell*, 168 Kan. at 233. Given this rule, our Supreme Court has said that the test for exemption is "whether the sale in question is for resale or to be finally consumed by the buyer." 168 Kan. at 235. Applying this test, Genesis' purchases are not for resale to its members; Genesis' purchases are finally consumed by Genesis in providing an environment for the recreational services offered.

Moreover, with regard to the specified sublist of purchases of newsletters, soap, and shampoo, we conclude that none of these items is "necessary or essential to" the providing of recreational services. See K.S.A. 79-3602(p). Newsletters are obviously unrelated to the service provided and an entirely secondary benefit of membership. Soap and shampoo may serve a hygenic purpose to Genesis' members, but we do not view them as an "ingredient or component part" of the recreational services offered.

Again, we conclude BOTA did not err in denying Genesis' application for exemption under K.S.A. 2008 Supp. 79-3606(m) for any of the subject purchases.

Affirmed.